## JAMES GATES, for Use, &c., *v.* RENFROE et al.

|   |   |
|---|---|
| 7 | 569 |
| 121 | 93 |

Plaintiff was one of two sureties upon a note made in Georgia, and placed in the hands of a trustee. He afterwards paid the note and brought this suit against his co-surety and the maker of the note. *Held :* That, the plaintiff having paid, without being sued, and without informing the principal debtor, no equity exists in his favor; and the case must be determined as if the trustee himself was seeking to enforce the trust against the defendants. C. C. 3025.

Minor children, as long as both parents are living, are subjected exclusively to the authority of the father, who administers their property, and who is bound to provide for them and to protect them in their persons and rights.

He may delegate a part of the paternal power to the teachers he employs to educate them, but he cannot permanently divest himself of any portion of it by contract.

There may be cases in which a court of justice would be authorized to take away this power.

Trusts are unknown to our laws, and the only cases in which they have ever been enforced by our courts, are those of marriage settlements, which, so far as they create no new tenure of property, have been, by comity, assimilated to marriage contracts.

APPEAL from the District Court of the Parish of Caddo, *Jones*, J. *Roysdon* and *Spofford*, for plaintiff. *Terrell* and *Hodge*, for defendants. By the court :

ROST, J. The plaintiff, who is a citizen of the State of Georgia, sues for the use of *James W. Howard*, and seeks to recover from *Campbell Renfroe* and *Josiah Renfroe*, whom he alleges to be residents of the parish of Caddo, the sum of $700 and interest, which he alleges he paid for them as surety on a note which they had given to one *Isam B. Troutman*, for a valuable consideration, which note they failed to take up at maturity.

The facts of this case are novel in their character. In 1847, *Campell Renfroe* lived in Georgia with his wife and children. His father-in-law brought suit against him for the board of his family ; and his wife sued him at the same time, for alimony and a divorce. He proposed to compromise these suits, by securing $700 to be settled upon his two children for their support. The proposition, it seems, was accepted. The note sued on was executed and placed in the hands of *George R. Hunter*, selected by the parties as trustee, in place of *Troutman*, who refused to serve. The note is signed by *Campbell Renfroe* as principal, and by *Josiah Renfroe* and *James Gates* as joint and several sureties. It was not paid by *Campbell Renfroe*, at maturity, and the plaintiff afterwards gave his note in place of it to the trustee, who has testified that the note thus given has been paid.

72

GATES
*v.*
RENFROE.

The defendant resists the claim of the plaintiff on the ground that the note was originally given without consideration, to his knowledge, and that he obtained possession of it by fraud, after it became due, and also without consideration.

There was judgment for the plaintiff against *Campbell Renfroe* for the amount paid by him, with interest and costs, and against *Joseph Renfroe* for one half of said amount and interest, and all the costs. The defendants have appealed.

The plaintiff having paid without being sued, and without informing the principal debtor, no equity exists in his favor. And the case must be determined as if the trustee himself was seeking to enforce the trust against the defendant. C. C. 3025.

There is nothing in the record to show the validity of the original contract, under the laws of Georgia, unless it be authorized by some statute of that State. Our impression is, that it can no more be sustained under the common law than under our own; and that it implies such a delegation of paternal power to a third person during the existence of marriage, which neither system of jurisprudence recognizes. We believe that there, as with us, minor children, as long as both parents are living, are subjected, exclusively, to the authority of the father, who administers their property and is bound to provide for them and to protect them in their persons and rights. He may delegate a part of the paternal power to the teachers he employs to educate them, but he cannot permanently divest himself of any portion of it by contract. There may be cases in which a court of justice would be authorized to take away their power from them, but the present is not one of that class.

As at present advised, we are of opinion that there was no legal obligation upon the defendant to pay the note he gave. If we are in error in this, our decision must still be against the plaintiff, on the ground that trusts are unknown to our laws, and that the only cases in which they have ever been enforced by our courts, are those of marriage settlements, so far as they create no new tenure of property, which have been, by comity, assimilated to marriage contracts See *Harper* v. *Stansborough*, 2 Ann. 377. *Succession of Franklin*, 7 Ann.

It is ordered that the judgment in this case be reversed, and that there be judgment for the defendants; the plaintiff paying costs in both courts.

SLIDELL, J. Upon a question dependent on a foreign jurisprudence, we must necessarily speak with much diffidence. My impression is that this action could not have been maintained in Georgia.